STATE OF INDIANA     FILED      IN THE PORTER COUNTY SUPERIOR COURT
                 CLERK KAREN M MARTIN
COUNTY OF PORTER 2016 JAN 27 P 1: 57 CAUSE NO. 64D05-1601-CT-155

UNITED SERVICES AUTOMOBILE AND )
ASSOCIATION, as subrogee of EDWARD )
and Annette Salomon, )
                              )
        Plaintiff, )
                              )
        v. )
                              )
MARK SCOTT; MARK SCOTT )
CONSTRUCTION, LLC; QUALITY AIR, )
INC. d/b/a WATER FURNACE- )
MICHIANA; AND MCCARTY WELL )
DRILLING, INC., )
                              )
        Defendants. )

## COMPLAINT

NOW COMES Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION

(hereinafter, "USAA"), as subrogee of Edward and Annette Salomon (hereinafter, "Salomon's"),

by and through its attorney, Brad M. Gordon, of Grotefeld, Hoffmann, Schleiter, Gordon, Ochoa

& Evinger, LLP, and complain of Defendants MARK SCOTT; MARK SCOTT

CONSTRUCTION, LLC; QUALITY AIR, INC. d/b/a WATER FURNACE-MICHIANA; and

MCCARTY WELL DRILLING, INC. as follows:

### GENERAL ALLEGATIONS

    1.    Plaintiff USAA is a reciprocal interinsurance exchange domiciled in the State of

Texas that is an unincorporated association, and is duly authorized to conduct business in the

State of Indiana.

    2.    At all relevant times, the Salomon's owned a residential dwelling located at 811

E. Lake Front Dr., Beverly Shores, Indiana 46301 in Porter County (hereinafter, "the property").

3.     At all times relevant, the Salomon's were residents of the City of Chicago, State of Illinois.

4.     Defendant Mark Scott is a resident of the State of Indiana and is a principal of Defendant Mark Scott Construction, LLC, a voluntarily dissolved Indiana limited liability company that had its principal place of business in Mishawaka, Indiana. The members of Defendant Mark Scott Construction, LLC are all residents of the State of Indiana. Defendants Mark Scott and Mark Scott Construction, LLC were engaged in the business of constructing residential homes.

5.     Defendant Quality Air Inc. d/b/a Water Furnace-Michiana (hereinafter, "Water Furnace-Michiana") is a Michigan corporation engaged in the business of selling, installing and maintaining geothermal heating and cooling systems for residential and industrial properties and maintains its principal place of business in Berrien Springs, Michigan.

6.     Defendant McCarty Well Drilling, Inc. is a Michigan corporation in the business of well drilling, including geothermal drilling for systems to support geothermal heating and cooling residential homes, and maintains its principal place of business in Buchanan, Michigan.

7.     At all times relevant, the Salomon's held a policy of insurance written by USAA, which, *inter alia,* provided coverage for real and personal property damage to the Salomon's property.

## FACTUAL ALLEGATIONS

8.     On or about June 2009, the Salomon's engaged Defendants Mark Scott and Mark Scott Construction, LLC to demolish an existing residence and to construct a new residence at the property.

2

9.     The Salomon's new residence included a geothermal heating and cooling system, the installation of which was undertaken by Defendants Mark Scott, Mark Scott Construction, LLC, Water Furnace-Michiana and McCarty Well Drilling, Inc.

10.     As part of the construction and installation of the geothermal heating and cooling system, six wells were dug at the property, three of which were located in the garage of the new residence at the property.

11.     Defendants Mark Scott and Mark Scott Construction acted as general contractor and constructed the Salomon's new residence at the property.

12.     Defendant Water Furnace-Michiana was the entity that installed the geothermal heating and cooling system.

13.     Defendant McCarty Well Drilling was the entity that dug the wells for the geothermal heating and cooling system at the property.

14.     On or about August 2012, the Salomon's took possession of the new residence at the property.

15.     On or about January 10, 2014, a water loss occurred at the Salomon's property, sending hundreds and thousands of gallons of water with a high hydrogen sulfide content throughout the Salomon's new residence and onto a city street and surrounding property, causing extensive damage to the Salomon's property.

16.     Subsequent investigation revealed the aforementioned water loss was caused by an eruption of an underground aquifer through a geothermal well, part of the geothermal heating and cooling system constructed by Defendants Mark Scott, Mark Scott Construction, Water Furnace-Michiana and McCarty Well Drilling.

17.     Further subsequent investigation revealed Defendant Water Furnace-Michiana improperly sealed the geothermal heating and cooling system with improper sealing materials, which proximately caused the geothermal wells to become uncapped, burst, and cause extensive damage to the Salomon's new residence.

18.     In addition, subsequent investigation revealed Defendant McCarty Well Drilling, in drilling the wells, drilled too deep into the ground, which ruptured the geothermal well system. Also, upon information and belief, Defendant McCarty Well Drilling did not obtain the necessary and proper permits required in Porter County to drill to such a depth.

19.     The aforementioned water loss continued to flow for a period of over two weeks until it could be channeled and redirected.

20.     Thereafter, the flow continued for over two months until the geothermal wells could be capped and repairs to the damaged property commenced.

21.     Pursuant to their policy of insurance, the Salomon's submitted a claim to USAA seeking indemnification and reimbursement for damages sustained as a result of the aforementioned water loss.

22.     USAA, in accordance with the Salomon's insurance policy, has since paid to, or on behalf of, the Salomon's an amount in excess of $87,000.

23.     In consideration of the aforementioned payment by USAA to Edward and Annette Salomon, and by operation of law, Plaintiff USAA became an actual, bona fide subrogee of Edward and Annette Salomon and became subrogated to all rights and claims that Edward and Annette Salomon may have against any person or entity that may be liable for causing the water loss, including Defendants Mark Scott, Mark Scott Construction, Water Furnace-Michiana and McCarty Well Drilling.

4

favor and against Defendant MARK SCOTT in an amount in excess of $87,000, and costs, and for any such further relief as this Court deems equitable and just.

**COUNT II**
**BREACH OF IMPLIED WARRANTY OF HABITABILITY**
**MARK SCOTT**

28.    Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count II.

29.    At all relevant times, Defendant Mark Scott implied a warranty to the Salomon's that their new residence at the property was of habitable quality.

30.    The Salomon's new residence was designed, constructed, inspected and completed by Defendant Mark Scott and was not of habitable quality in one or more of the following ways:

    a.  the residence, and specifically its geothermal heating and cool system, was defectively designed;

    b.  the residence, and specifically its geothermal heating and cooling system, was defectively constructed;

    c.  the geothermal heating and cooling system was defectively installed;

    d.  the residence, and specifically its geothermal heating and cooling system, was improperly inspected;

    e.  the residence, and specifically its geothermal heating and cooling system, was improperly tested;

    f.  the residence's geothermal heating and cooling system consisted of inadequate and defective materials, specifically improper sealing materials used to seal the geothermal wells;

    g.  the plans and specifications for the residence created an uninhabitable and dangerous home; and/or

    h.  the residence was otherwise uninhabitable.

6

31.   Defendant Mark Scott was notified of the defective condition within a reasonable time after the defects were determined.

32.   As a direct and proximate result of Defendant Mark Scott's breach of its implied warranty of habitability, USAA suffered substantial damages in an amount in excess of $87,000.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully request that judgment be entered in its favor and against Defendant MARK SCOTT in an amount in excess of $87,000, plus costs, and for any such further relief as this Court deems equitable and just.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF WORKMANSHIP
## MARK SCOTT

33.   Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count III.

34.   At all relevant times, Defendant Mark Scott was under a duty to perform its work as general contractor in a skillful, careful, diligent and workmanlike manner, adhering to the acceptable standards in the same or similar occupations.

35.   In violation of said duties, Defendant Mark Scott is liable for his breach of the implied warranty of performance in a workmanlike manner through the following acts or omissions, including but not limited to:

      a.   failed to secure a permit from the Porter County Health Department before drilling into the ground when constructing the geothermal wells;

      b.   failed to inspect the ground before drilling for the presence of artesian aquifers;

      c.   failed to drill into the ground at a proper depth, somewhere above 200 feet; and/or

      d.   failed to use proper and adequate materials in sealing the geothermal wells.

36.    As a direct and proximate result of Defendant Mark Scott's breach of warranty, the geothermal heating and cooling system failed to operate as intended.

37.    Failure of the geothermal heating and cooling system to operate as intended caused extensive property damage at the Salomon's property.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully requests that judgment be entered in its favor and against Defendant MARK SCOTT in an amount in excess of $87,000, plus costs, and for any such further relief as this Court deems equitable and just.

## COUNT IV
## NEGLIGENCE
## MARK SCOTT CONSTRUCTION, LLC

38.    Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count IV.

39.    Defendant Mark Scott Construction owed the Salomon's a duty of care in performing work as the general contracting company at the Salomon's property such as is reasonably expected of persons in the same or similar occupations.

40.    Notwithstanding the aforementioned duty, and in breach thereof, Defendant Mark Scott Construction committed one or more of the following negligent acts and/or omissions:

      a.  failed to secure a permit from the Porter County Health Department for the geothermal wells, which would have apprised them of the presence of artesian aquifers at a depth of 200 feet;

      b.  failed to inform themselves of geological data, which was readily available and would have warned of the presence of artesian aquifers prior to digging the geothermal wells;

      c.  failed to inform themselves of information regarding sealing the geothermal wells with bentonite clay despite known and readily available information that bentonite clay destabilizes and dissolves in the presence of hydrogen sulfide; and/or

8

      d.  was otherwise careless and negligent in failing to conduct themselves in a reasonable manner.

41.    On or about January 10, 2014, as a direct and proximate result of Defendant Mark Scott Construction's negligent acts and/or omissions, a water loss occurred at the Salomon's property, flowing throughout their residence and onto a city street and surrounding area, causing substantial damages to the Salomon's real and personal property.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully requests that judgment be entered in its favor and against Defendant MARK SCOTT CONSTRUCTION, LLC in an amount in excess of $87,000, and costs, and for any such further relief as this Court deems equitable and just.

**COUNT V**
**BREACH OF IMPLIED WARRANTY OF HABITABILITY**
**MARK SCOTT CONSTRUCTION, LLC**

42.    Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count V.

43.    At all relevant times, Defendant Mark Scott Construction implied a warranty to the Salomon's that their new residence at the property was of habitable quality.

44.    The Salomon's new residence was designed, constructed, inspected and completed by Defendant Mark Scott Construction and was not of habitable quality in one or more of the following ways:

      a.  the residence, and specifically its geothermal heating and cool system, was defectively designed;

      b.  the residence, and specifically its geothermal heating and cooling system, was defectively constructed;

      c.  the geothermal heating and cooling system was defectively installed;

9

d.  the residence, and specifically its geothermal heating and cooling system, was improperly inspected;

e.  the residence, and specifically its geothermal heating and cooling system, was improperly tested;

f.  the residence's geothermal heating and cooling system consisted of inadequate and defective materials, specifically improper sealing materials used to seal the geothermal wells;

g.  the plans and specifications for the residence created an uninhabitable and dangerous home; and/or

h.  the residence was otherwise uninhabitable.

45.     Defendant Mark Scott Construction was notified of the defective condition within a reasonable time after the defects were determined.

46.     As a direct and proximate result of Defendant Mark Scott Construction's breach of its implied warranty of habitability, USAA suffered substantial damages in an amount in excess of $87,000.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully requests that judgment be entered in its favor and against Defendant MARK SCOTT CONSTRUCTION, LLC in an amount in excess of $87,000, plus costs, and for any such further relief as this Court deems equitable and just.

## COUNT VI
## BREACH OF IMPLIED WARRANTY OF WORKMANSHIP
## MARK SCOTT CONSTRUCTION, LLC

47.     Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count VI.

48.     At all relevant times, Defendant Mark Scott Construction was under a duty to perform its work as general contractor in a skillful, careful, diligent and workmanlike manner, adhering to the acceptable standards in the same or similar occupations.

10

49.     In violation of said duties, Defendant Mark Scott Construction is liable for its breach of the implied warranty of performance in a workmanlike manner through the following acts or omissions, including but not limited to:

a.  failed to secure a permit from the Porter County Health Department before drilling into the ground when constructing the geothermal wells;

b.  failed to inspect the ground before drilling for the presence of artesian aquifers;

c.  failed to drill into the ground at a proper depth, somewhere above 200 feet; and/or

d.  failed to use proper and adequate materials in sealing the geothermal wells.

50.     As a direct and proximate result of Defendant Mark Scott Construction's breach of warranty, the geothermal heating and cooling system failed to operate as intended.

51.     Failure of the geothermal heating and cooling system to operate as intended caused extensive property damage at the Salomon's property.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully requests that judgment be entered in its favor and against Defendant MARK SCOTT CONSTRUCTION in an amount in excess of $87,000, plus costs, and for any such further relief as this Court deems equitable and just.

## COUNT VII
## NEGLIGENCE
## DEFENDANT WATER FURNACE-MICHIANA

52.     Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count VII.

53.     Defendant Water Furnace-Michiana owed the Salomon's a duty of care in selling and installing a geothermal heating and cooling system at the Salomon's property such as is reasonably expected of persons in the same or similar occupations.

11

54.     Notwithstanding the aforementioned duty, and in breach thereof, Defendant Water Furnace-Michiana committed one or more of the following negligent acts and/or omissions:

   a.  failed to inform themselves of information regarding sealing the geothermal wells with bentonite clay despite known and readily available information that bentonite clay destabilizes and dissolves in the presence of hydrogen sulfide; and/or

   b.  was otherwise careless and negligent in failing to conduct themselves in a reasonable manner.

55.     On or about January 10, 2014, as a direct and proximate result of Defendant Water Furnace-Michiana's negligent acts and/or omissions, a water loss occurred at the Salomon's property, flowing throughout their residence and onto a city street and surrounding area, causing substantial damages to the Salomon's real and personal property.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully requests that judgment be entered in its favor and against Defendant QUALITY AIR INC. d/b/a WATER FURNACE-MICHIANA in an amount in excess of $87,000, and costs, and for any such further relief as this Court deems equitable and just.

## COUNT VIII
## BREACH OF IMPLIED WARRANTY OF WORKMANSHIP
## WATER FURNACE-MICHIANA

56.     Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count VIII.

57.     At all relevant times, Defendant Water Furnace-Michiana was under a duty to perform its work in selling and installing a geothermal heating and cooling system at the

12

Salomon's property in a skillful, careful, diligent and workmanlike manner, adhering to the acceptable standards in the same or similar occupations.

58.    In violation of said duties, Defendant Water Furnace-Michiana is liable for its breach of the implied warranty of performance in a workmanlike manner through the following acts or omissions, including but not limited to, failing to use proper and adequate materials in sealing the geothermal wells.

59.    As a direct and proximate result of Defendant Water Furnace-Michiana's breach of warranty, the geothermal heating and cooling system failed to operate as intended.

60.    Failure of the geothermal heating and cooling system to operate as intended caused extensive property damage at the Salomon's property.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully requests that judgment be entered in its favor and against Defendant QUALITY AIR INC. d/b/a WATER FURNACE-MICHIANA in an amount in excess of $87,000, plus costs, and for any such further relief as this Court deems equitable and just.

**COUNT IX**
**NEGLIGENCE**
**DEFENDANT MCCARTY WELL DRILLING., INC.**

61.    Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count IX.

62.    Defendant McCarty Well Drilling owed the Salomon's a duty of care in drilling a geothermal well to support geothermal heating and cooling at the Salomon's property such as is reasonably expected of persons in the same or similar occupations.

13

63.    Notwithstanding the aforementioned duty, and in breach thereof, Defendant McCarty Well Drilling committed one or more of the following negligent acts and/or omissions:

    a.  failed to secure a permit from the Porter County Health Department for the geothermal wells, which would have apprised them of the presence of artesian aquifers at a depth of 200 feet;

    b.  failed to inform themselves of geological data, which was readily available and would have warned of the presence of artesian aquifers prior to digging the geothermal wells;

    c.  was otherwise careless and negligent in failing to conduct themselves in a reasonable manner.

64.    On or about January 10, 2014, as a direct and proximate result of Defendant McCarty Well Drilling's negligent acts and/or omissions, a water loss occurred at the Salomon's property, flowing throughout their residence and onto a city street and surrounding area, causing substantial damages to the Salomon's real and personal property.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully requests that judgment be entered in its favor and against Defendant MCCARTY WELL DRILLING, INC. in an amount in excess of $87,000, and costs, and for any such further relief as this Court deems equitable and just.

## COUNT X
## BREACH OF IMPLIED WARRANTY OF WORKMANSHIP
## MCCARTY WELL DRILLING, INC.

65.    Plaintiff USAA incorporates Paragraphs 1 through 23 above as though fully set forth in this Count X.

66.    At all relevant times, Defendant McCarty Well Drilling was under a duty to perform its work in drilling a geothermal well to support geothermal heating and cooling at the Salomon's property in a skillful, careful, diligent and workmanlike manner, adhering to the acceptable standards in the same or similar occupations.

14

67.    In violation of said duties, Defendant McCarty Well Drilling is liable for its breach of the implied warranty of performance in a workmanlike manner through the following acts or omissions, including but not limited to:

      a.    failed to secure a permit from the Porter County Health Department before drilling into the ground when constructing the geothermal wells;

      b.    failed to inspect the ground before drilling for the presence of artesian aquifers; and/or

      c.    failed to drill into the ground at a proper depth, somewhere above 200 feet.

68.    As a direct and proximate result of Defendant McCarty Well Drilling's breach of warranty, the geothermal heating and cooling system failed to operate as intended.

69.    Failure of the geothermal heating and cooling system to operate as intended caused extensive property damage at the Salomon's property.

WHEREFORE, Plaintiff UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Edward and Annette Salomon, respectfully requests that judgment be entered in its favor and against Defendant MCCARTY WELL DRILLING, INC. in an amount in excess of $87,000, plus costs, and for any such further relief as this Court deems equitable and just.

Respectfully submitted,

UNITED SERVICES AUTOMOBILE
ASSOCIATION, as subrogee of Edward
and Annette Salomon

By: _____
          One of Its Attorneys

Brad M. Gordon
GROTEFELD, HOFFMANN, SCHLEITER, GORDON, OCHOA & EVINGER, LLP
311 S. Wacker Drive, Suite 1500
Chicago, IL 60606
Telephone: (312) 551-0200
Facsimile: (312) 601-2402
Email: bgordon@ghlaw-llp.com
21913-45

15